UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN LOVE LUNDY,<br><br>  Petitioner,<br><br>v.<br><br>KATHY BRITTAIN, et al.,<br><br>  Respondents. | Civil Action No.  21-20184 (KM)<br><br><br><br>MEMORANDUM ORDER |

Pro se Petitioner Steven Love Lundy, a state inmate at FCI Frackville in Pennsylvania, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. (DE 1.) Petitioner challenges a New Jersey State conviction in Union County Superior Court for unlawful handgun possession. (*Id.* at 2, ¶ 5.) Petitioner was sentenced on January 17, 2020 to 1 to 3 years in prison. (*Id.* at ¶ 3.) It is unclear from the papers whether Petitioner is serving that sentence concurrently with the Pennsylvania state sentence under which he is currently incarcerated.[1] For the reasons below, I will order Petitioner to show cause why his petition should not be dismissed and administratively terminate this matter pending his response.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (a habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the

---

[1] Petitioner pleaded nolo contendere to a strangulation charge in the Court of Common Pleas of Monroe County and was sentenced in March 2019 to 21 to 60 months' imprisonment. *Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243, at *1 (M.D. Pa. Aug. 23, 2021), *report and recommendation adopted*, No. CV 1:21-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021).

petitioner] to relief"). Procedural issues regarding exhaustion and timeliness are immediately apparent.

Exhaustion first: Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted state post-conviction remedies or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). Petitioners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

"Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

Just days after the Middle District of Pennsylvania dismissed his habeas petition, he filed a habeas petition in this Court. However, it appears that Petitioner never filed a post-conviction relief (PCR) petition in Union County Superior Court, let alone pursued any appeals, before seeking habeas relief from his New Jersey conviction. (DE 1 at 7-10.) Rather, says Petitioner, he chose to pursue "private administrative remedies."

It is difficult to follow the contours of this theory, but Petitioner is apparently under the impression that there is some legal significance to his having sent Union County Superior Court a "presentment" and then "notice of acceptance" challenging his indictment and demanding $500

2

million. (DE 1-2.) When (understandably) no response arrived, he sent a "notice of default" and "final notice of default." (DEs 1-2, 1-3.) Finally, he filed this habeas petition and a separate civil rights action (Docket No. 20-12735), asseting that his notices and New Jersey's non-response justify the vacatur of his sentence and resulting damages. Petitioner's submissions contain language typical of "Moorish National" filings, invoking maritime law, the Uniform Commercial Code, various legal entities and/or alter egos. Petitioner should know by now that this strategy is misguided, as at least one other court has rejected this strategy in a prior habeas petition. *Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243, at *1 (M.D. Pa. Aug. 23, 2021), *report and recommendation adopted*, No. CV 1:21-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021). Thus, any response by Petitioner should address how his filings (or any others not in this record) comply with the exhaustion requirement.

Exhaustion may be excused if state remedies are absent or ineffective to protect the applicant's rights. *See* § 2254(b)(1)(B). Thus, although the exhaustion requirement exists as a matter of comity, *see Rose v. Lundy*, 455 U.S. 509, 518 (1982), that principle "weighs less heavily [when] the state has had an ample opportunity to pass upon the matter and has failed to sufficiently explain its ... delay," and exhaustion may be excused. *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991); *see also Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). Whether a delay is sufficiently "inordinate" to excuse exhaustion depends on the conduct of the appellant, interference by the state in the timely disposition of the matter, the progress made in state court, and the length of the delay. *See Lee v. Stickman*, 357 F.3d 338, 341–44 (3d Cir. 2004). Here, if there has been any delay, it is likely due to the unusual nature of Petitioner's filings. (*See DEs* 1-1 to 1-3.) Petitioner may also explain, however, whether and why the pursuit of existing state remedies would have been ineffective.

But even if Superior Court (or this Court) accepted Petitioner's initial "Notice of Acceptance" filing (DE 1-1) as a valid post-conviction relief motion, it nevertheless appears to have been untimely filed. The limitation period ordinarily starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

According to Petitioner, he was sentenced on January 17, 2020, meaning that a judgment of conviction would likely have been issued that day or shortly thereafter. (DE 1 at 2, ¶ 2.) The deadline to appeal his conviction was 45 days later, March 2, 2020. *See* N.J. Ct. R. 2:4-1. However, Petitioner neither appealed nor filed any PCR petition within that time frame. The earliest date Petitioner appears to have sent anything was June 10, 2021, the date on his initial "presentment," which is a copy of his indictment bearing handwritten legalese and a $500 million demand. (DE 1-1 at 2-3.) Even assuming this document had any legal significance, it still was filed more than one year after his conviction became final. Thus, unless Petitioner can provide any meritorious argument or evidence suggesting otherwise, his habeas petition must be found untimely.

Finally, Petitioner may also attempt to demonstrate a basis for equitable tolling of the limitation period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon,* 654 F.3d at 399. The Supreme Court has emphasized, however, that in considering whether there could be equitable tolling, courts should favor flexibility over adherence to mechanical rules, and make each decision on a "case-by-case basis." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but ... a court should be sparing in its use of the doctrine." *Varano,* 712 F.3d at 799.

IT IS, THEREFORE, this 9th day of May, 2022,

ORDERED that Petitioner shall, within 30 days, SHOW CAUSE why his Petition should not be dismissed for the reasons set forth in this order; and it is further

ORDERED that Petitioner's failure to respond will result in the dismissal of this matter; and it is further

ORDERED that the Clerk of the Court shall mail a copy of this Order to Petitioner and ADMINISTRATIVELY TERMINATE this action pending Petitioner's response.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge